# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

June 10, 2014

RORY L. PERRY II, CLERK

SUPREME COURT OF APPEALS

OF WEST VIRGINIA

**JOHN J. BLEVINS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0105** (BOR Appeal No. 2047432)
                    (Claim No. 2007212664)

**U.S. STEEL MINING COMPANY, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner John J. Blevins, by John C. Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. U.S. Steel Mining Company, LLC, by Howard G. Salisbury Jr., its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated January 29, 2013, in which the Board affirmed a July 10, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's January 31, 2011, decision denying Mr. Blevins's application for permanent total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Blevins worked as a mechanic and underground miner for U.S. Steel Mining Company, LLC. Throughout the course of his employment he received several compensable injuries and was granted a 10% permanent partial disability award for occupational pneumoconiosis and a 41% permanent partial disability award for reflex sympathetic dystrophy related to a crush injury of his left finger. Mr. Blevins filed an application for permanent total disability benefits based on these injuries. Joseph E. Grady II, M.D., then evaluated Mr. Blevins at the request of the Permanent Total Disability Reviewing Board. Dr. Grady found that he was

1

unable to conduct range of motion testing on Mr. Blevins's left hand due to his significant pain. He determined that Mr. Blevins had 53% upper extremity impairment due to sensory and motor deficits in his left hand and 11% upper extremity impairment for range of motion deficits in his left forearm and shoulder under the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). Dr. Grady combined these two ratings and converted them to 35% whole person impairment related to his orthopedic injuries. The Permanent Total Disability Reviewing Board found that Dr. Grady's evaluation was reliable. It combined Dr. Grady's orthopedic impairment recommendation with Mr. Blevins's 10% pulmonary impairment related to occupational pneumoconiosis, and it determined that he had 42% whole person impairment. On January 31, 2011, the claims administrator denied Mr. Blevins's application for permanent total disability benefits based on the Permanent Total Disability Reviewing Board's finding that he did not meet the 50% whole person impairment threshold. Victor Poletajev, D.C., then evaluated Mr. Blevins and found that he had 53% whole person impairment related to his orthopedic injuries. Dr. Poletajev was also unable to test the range of motion deficits in Mr. Blevins's left hand. Instead, Dr. Poletajev adopted the 41% whole person impairment rating that had served as the basis of Mr. Blevins's prior permanent partial disability award. He also found additional impairment for several other conditions, including range of motion deficits in Mr. Blevins's shoulder, a scar on the back of Mr. Blevins's head that was essentially hidden by his hair, and loss of strength in Mr. Blevins's right ankle. On July 10, 2012, the Office of Judges affirmed the claims administrator's decision. The Board of Review affirmed the Order of the Office of Judges on January 29, 2013, leading Mr. Blevins to appeal.

The Office of Judges concluded that Mr. Blevins had not met the statutory threshold of 50% whole person impairment and therefore, was not entitled to permanent total disability benefits. The Office of Judges based this determination on the evaluation of Dr. Grady, which it determined was consistent with the remainder of the record. The Office of Judges found that Dr. Poletajev's impairment recommendation was not consistent with the record and could not be considered as reliable. The Office of Judges noted that Dr. Poletajev did not reevaluate Mr. Blevins's impairment with respect to his left hand. It found that his adoption of Mr. Blevins's permanent partial disability award as equivalent to his current whole person impairment violated the directive in West Virginia Code § 23-4-6(n)(1) (2005) because he did not reevaluate Mr. Blevins's whole person impairment. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusions of the Board of Review and the findings of the Office of Judges. Mr. Blevins has not demonstrated that he had met the statutory threshold of 50% whole person medical impairment under West Virginia Code § 23-4-6(n)(1). Dr. Grady determined that Mr. Blevins had 35% whole person impairment related to his orthopedic injuries. Combined with his 10% whole person impairment related to occupational pneumoconiosis, Mr. Blevins only has 42% whole person impairment. Dr. Grady's evaluation of Mr. Blevins's orthopedic injuries is accurate and reliable. It is also consistent with the American Medical Association's *Guides* and the record as a whole. Dr. Poletajev, in comparison, made no attempt to calculate the whole person impairment related to Mr. Blevins's left hand. The Office of Judges was within its discretion in relying on Dr. Grady's report, and it was justified in discounting Dr. Poletajev's impairment recommendation.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II